UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **GREGORY J. WENDLING** | * | **CIVIL ACTION** |
| **VERSUS** | * | **NUMBER: 06-9497** |
| **GREG RUIZ, ET AL.** | * | **SECTION "L" (4)** |

## ORDER & REASONS

Before the Court is Defendant Gregory Ruiz's Motion for Summary Judgment. (Rec. Doc. No. 17). For the following reasons, the motion is GRANTED.

**I.   Factual and Procedural Background**

This case arises out of property damage as a result of Hurricane Katrina. Plaintiff alleges that Hurricane Katrina caused extensive damage to Plaintiff's property located at 1414 Centre Street in Arabi, Louisiana and at 7841 Patricia Street in Arabi, Louisiana. Plaintiffs held property insurance policies through Allstate Insurance Company ("Allstate") and Gregory Ruiz ("Ruiz") was Plaintiff's insurance agent.

Plaintiff filed suit against Allstate and Ruiz on August 28, 2006, in the Thirty-Fourth Judicial District Court for the Parish of St. Bernard, State of Louisiana. With respect to Plaintiff's Centre Street property, he alleges that Ruiz failed to write flood insurance on the Plaintiff's property, despite the fact that Plaintiff informed Ruiz that his mortgagee, Whitney National Bank, requested that the Plaintiff obtain flood insurance. Plaintiff also alleges that Ruiz failed to make the Plaintiff aware of the concurrent causation clause contained in the insurance policy covering the Centre Street property. Allstate, according to the Plaintiff, grossly underpaid the Plaintiff for the damage to Plaintiff's property and Plaintiff alleges that Allstate acted arbitrarily, capriciously and in bad faith failed to make an offer to settle the Plaintiff's claim.

With respect to Plaintiff's Patricia Street property, Plaintiff alleges that Ruiz failed to raise the limits on his flood insurance, leaving the Plaintiff grossly under insured. Plaintiff also alleges that Allstate grossly underpaid for damages caused by wind and wind driven rain. Plaintiff seeks damages and penalties and attorneys fees under Louisiana Revised Statutes 22:658 because the Defendants have arbitrarily and in bad faith failed to make an offer to settled his claims.

Allstate removed this case to this Court on November 2, 2006. (Rec. Doc. No. 1) Allstate argued that the Court has jurisdiction over this matter under 28 U.S.C. §§ 1331 and 1337 because Allstate, for the purpose of this suit, is a Write Your Own ("WYO") Program insurance carrier that is participating in the National Flood Insurance Program and that the federal courts have exclusive subject matter jurisdiction over the claims against a WYO company.

## II.    Motion for Summary Judgment

On July 18, 2007, Ruiz filed a motion for summary judgment. (Rec. Doc. No. 17). Ruiz argues that all of the Plaintiff's claims against him are perempted under Louisiana law. Additionally, with respect to Plaintiff's Centre Street property, Ruiz argues that the Plaintiff has failed to state a cause of action because Whitney Bank did not require the Plaintiff to have flood insurance for this property and that the Plaintiff has not alleged that Ruiz failed to procure a specific amount of coverage. With respect to Plaintiff's Patricia Street property, Ruiz argues that Plaintiff has failed to state a cause of action because he simply claims that Ruiz should have spontaneously identified his alleged need for additional coverage, and courts have repeatedly held that these allegations do not state a cause of action under state law.

The Plaintiff opposes the motion. (Rec. Doc. No. 30) With respect to whether the Plaintiff's claims are perempted, Plaintiff argues that he was lulled into complacency and he trusted that Ruiz made the necessary changes each renewal period. With respect to his Centre

Street property, the Plaintiff alleges that he requested Ruiz procure flood insurance on the property by a hand-written note. With respect to the Patricia Street property, Plaintiff again argues that he was "lulled into complacency" by Ruiz's prior actions and he assumed that Ruiz was increasing his flood coverage.

### III.  Law and Analysis

Summary judgment will be granted only if the pleadings, depositions, answers to interrogatories, and admissions, together with affidavits show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56. When considering a motion for summary judgment, the Court must "review the facts drawing all inferences most favorable to the party opposing the motion." *Gen. Universal Sys., Inc. v. Lee*, 379 F.3d 131, 137 (5th Cir. 2004). If the party moving for summary judgment demonstrates the absence of a genuine issue of material fact "the nonmovant must go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial." *Willis v. Roche Biomedical Labs., Inc.*, 61 F.3d 313, 315 (5th Cir. 1995).

Ruiz argue that the Plaintiff's claims against him are time-barred pursuant to La. Rev. Stat. § 9:5606, which establishes peremptive periods for actions against insurance agents. Pursuant to this statute, if the plaintiff does not file suit within three years from the date of the alleged act, omission, or neglect, the claim must be dismissed. Moreover, if the plaintiff does not file suit within one year from the date the alleged act, omission, or neglect is or should have been discovered, the claim must be dismissed.

First, with respect to Plaintiff's claim that Ruiz failed to inform him of the concurrent causation clause in the policy for Plaintiff's Centre Street property, the Court finds that the Plaintiff's claim is perempted. Under Louisiana law, an insured has a duty to read his insurance policy and know its provisions. *Hoffman v. Alliance Ins. Agency Services, Inc.*, 2007 WL

2088373, *2 (E.D La. July 19, 2007) (*citing Stephens v. Audubon Ins. Co.*, 665 So.2d 683, 686 (La. App. Ct. 1995)).  The Plaintiff procured the insurance policy for his Centre Street property in December, 2000, and the policy contained the concurrent cause clause from its inception.  *See*, Def. Motion, Ex. A.  Since there are no allegations of any misrepresentation with respect to the existence of the concurrent causation clause with any of the policy renewals, nor that the Plaintiff's policies were altered with respect to the concurrent causation clause, the Court finds that the alleged misconduct occurred when the Plaintiff procured the policy in 2000.  The Plaintiff filed suit in August, 2006, and, therefore, the Plaintiff's claim against Ruiz for failing to notify him of the concurrent causation clause are perempted.

Second, with respect to Plaintiff's claim that Ruiz failed to procure flood insurance for his Center Street property, the Court finds that the Plaintiffs claims are perempted.  Plaintiff alleges that he informed Ruiz of Whitney's request that he procure flood insurance for his Centre Street property, but Ruiz failed to do so.  Ruiz argues that the Plaintiff alleges that he requested flood insurance at the time he procured the initial landlord's policy in 2000, the Plaintiff's claims are perempted since he has brought suit more than six years from that time.  In his opposition, the Plaintiff claims that he requested Ruiz to add flood insurance in the spring of 2004 and again in the spring of 2005.  In support of this fact the Plaintiff points to his Answers to Interrogatories.  *See* Rec. Doc. No. 30, Ex. 1.  Ruiz argues that the Court cannot rely on the Plaintiff's Answers to Interrogatories because the Plaintiff has not sworn to those answers.  *See* Rec. Doc. No. 27.

Federal Rule of Civil Procedure 56(c) was amended in 1963 to allow the use of answers to interrogatories on a motion for summary judgment.  10A Wright, Miller & Kane, *Federal Practice and Procedure 3d* § 2722, at 373-74 (1998).  However, for them to constitute competent summary judgment evidence, the answers must satisfy the other requirements of Rule

56. *Id.* "Evidence from a party opposing summary judgment may be considered despite its failure to meet the 'technical requirements' of Rule 56(e) so long as the record, taken as a whole, demonstrates that the [ ] testimony meets the requirements of rule 56." *Brady v. Blue Cross & Blue Shield of Texas, Inc.*, 767 F. Supp. 131, 135 (N.D. Tex. 1991) (internal quotation marks and citation omitted). In *Brady*, the court stated that it was aware of no case where unsworn, unverified interrogatory answers proffered by a non-movant were considered competent summary judgment evidence. *Id.* Because the answers to interrogatories were not sworn to, the court held it could not construe them as a Rule 56(e) affidavit or as other competent summary judgment proof. *Id.* Here, Plaintiff's answers to interrogatories are unsworn and, accordingly, the Court cannot consider it as competent summary judgment proof.

In his complaint the Plaintiff states that he "financed this property through Whitney National Bank, who requested that a flood insurance policy be placed on said property. Plaintiff sent Whitney National Bank's request to Greg Ruiz." The Plaintiff does not give any dates for when he made this request. Ruiz, however, states that he never received any request to procure flood insurance for the Centre Street property. *See* Def. Motion, Ex. A.

Based on documents provided by Ruiz, Whitney sent the Plaintiff a letter dated February 10, 2004, stating that, according to Whitney, the Plaintiff failed to have adequate hazard/fire insurance for his Centre Street property. The Court finds that any peremptive period would begin to run from this date. Louisiana Revised Statute § 9:5606 states, in relevant part, that an action against an insurance agent must be brought within one year from the date of the alleged act or within one year from the date that the alleged act is discovered or should have been discovered. La. Rev. Stat. 9:5606. The Plaintiff filed suit on August 28, 2006.

The Plaintiff states that he "assumed he had flood insurance for this property until he attempted to make a claim on said policy after Hurricane Katrina," such an assumption was

unreasonable.  The Plaintiff does not allege that he ever filled out an application for flood insurance for this property nor that he ever paid a premium for such insurance.  A peremptive period begins to run when the injured party has constructive knowledge of the facts that entitle him to bring suit.  *Chagnard v. Cambre*, 2007 WL 2229296, *3 (E.D. La. Aug. 1, 2007).  The Plaintiff should have known of Ruiz's alleged failure to procure the requested insurance in February of 2004, and the Plaintiff failed to suit within one year of that time.[1]

Third, with respect to the Plaintiff's claim that Ruiz failed to raise the limits on his flood insurance, leaving the Plaintiff grossly under insured, the Court finds that the Plaintiff's claims are perempted.  The Plaintiff argues that he informed Ruiz that money was no object yet Ruiz failed to increase his insurance coverage each time the flood policy came up for renewal.

Renewals of insurance policies typically do not operate to restart peremption.  *Southern Athletic Club, LLC v. Hanover Ins. Co., et al.*, 2006 WL 2583406, *3 (E.D. La. 2006).  "In order for each renewal to be the basis of a separate tort, the complained of conduct must consist of separate and distinct act, each of which gives rise to immediately apparent damages."  *Biggers v. Allstate Ins. Co.*, 04-282 (La. App. 5 Cir. 10/26/04), 886 So. 2d 1179, 1182.  The Court, therefore, must determine whether Ruiz's actions at the time of renewal can be construed as acts separate from the initial policy procurement.

The Plaintiff relies heavily on *Fidelity Homestead Association v. Hanover Insurance Company*, as support for the fact that each renewal constituted a separate tort. 458 F. Supp.2d 276 (E.D. La. 2006).  *Fidelity*, however, is distinguishable.  The district court relied on the fact that the insurance agent held a yearly meeting with the plaintiffs prior to the policy renewals; it

---

[1] Even if the Court found that the Plaintiff again requested that Ruiz procure flood insurance for his Centre Street property in the spring of 2005, Plaintiff's claim would still be perempted in that he did not follow suit until August 28, 2006, which is in excess of one year from "spring 2005."

was these acts that may have constituted separate torts. *Id.* at 280. Here the Plaintiff makes no such allegation nor presents any evidence to that effect. Rather, the Plaintiff alleges that he "relied on defendant Ruiz's expertise to raise his flood insurance coverage to levels commensurate with property value increases over the years, having maintained that he wanted to be fully insured and 'price was never an issue.'" Pl.'s Memo. Opp., Rec. Doc. No. 30, at p. 4. The Court finds that the Plaintiff's actions at each renewal do not act to restart peremption. The Plaintiff procured his flood insurance policy for his Patricia Street property in July of 1993, and filed suit in August of 2006, well in excess of the three year peremption period. Accordingly, the Court finds that this claim is also perempted.

## IV.   Conclusion

Accordingly, Defendant Gregory Ruiz's Motion for Summary Judgment is GRANTED and the Plaintiff's claims against Defendant Greg Ruiz are hereby DISMISSED.

New Orleans, Louisiana, this 28th day of November, 2007.

_____
UNITED STATES DISTRICT JUDGE